IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HASSAN SULTAN, <br><br> Plaintiff, <br><br> v. <br><br> NOSHEEN H. MALIK, *et al.*, <br><br> Defendants. | No. 1:23-cv-00457 (MSN/LRV) |

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants' motions to dismiss. (Dkt Nos. 7, 11, 15, 18). Upon consideration of the motions, oppositions, and the replies thereto, the Court will grant the motions and will dismiss the Complaint.

**I.    BACKGROUND**

*Pro se* Plaintiff Hassan Sultan's action arises out of two state court proceedings: (1) a contested divorce case that was affirmed by the Court of Appeals of Virginia, and whose petition for appeal was refused by the Supreme Court of Virginia, and (2) a Fairfax County child custody and visitation proceeding in which Plaintiff alleges he prevailed but did not seek attorney's fees. *See* (Dkt. No. 1 ("Compl.")) ¶¶ 25–161.

Across his 89-page Complaint, Plaintiff makes claims against certain individuals involved in these state court proceedings—his ex-wife, Nosheen Malik; various Commonwealth of Virginia judges, including those involved in these two state court actions[1]; the attorneys who represented

---

[1] With respect to the divorce proceeding, Judge Bruce D. White presided over the case at the trial level; Judge Clifford L. Athey, Jr., Judge Randolph A. Beales, and Senior Judge James W. Haley, Jr. presided over the case at the appellate level; and Chief Justice S. Bernard Goodwyn, Justice D. Arthur Kelsey, and Senior Justice Charles S. Russell comprised the panel that heard the petition for appeal in the Supreme Court of Virginia. With respect to the child custody proceeding, Plaintiff alleges that Judge Bruce D. White and Judge David Bernhard adjudicated that case. These judges are hereinafter referred to as "Judicial Defendants." Plaintiff has also sued the Supreme Court of Virginia ("SCV"). The SCV and Judicial Defendants are collectively referred to herein as "Commonwealth Defendants."

his ex-wife in these proceedings[2]; and the expert witness who provided testimony on his ex-wife's behalf during the divorce proceeding.[3] Specifically, Count I asserts a 42 U.S.C. § 1983 claims against his ex-wife and the Attorney Defendants alleging a "conspiracy" resulting in violation of Plaintiff's Fourteenth Amendment rights. Compl. ¶¶ 162–64. Count II asserts a § 1983 claim against the Accounting Defendants alleging "perjury" in violation of Plaintiff's "constitutional rights under the color of law." *Id.* *Id.* ¶¶ 165–66. Count III asserts a § 1983 claim against certain of the Judicial Defendants (those who heard his cases) and alleging a conspiracy by those judges to violate Plaintiff's Fourteenth Amendment rights. *Id.* ¶¶ 167-74. Count IV asserts a § 1983 claim against Judge White, Chief Judge Decker, and Senior Justice Lemons, alleging "the theory of Respondeat Superior." *Id.* ¶¶ 175-76. And in Count V, Plaintiff seeks "injunctive relief" against the Supreme Court of Virginia and Chief Justice Goodwyn, alleging that the Virginia courts have continuing jurisdiction over his custody, visitation, and support matters. *Id.* ¶ 179. Plaintiff seeks a declaratory judgment, compensatory and punitive damages, attorney's fees, and an injunction "requiring the Supreme Court of Virginia to stop violating Defendant's constitutional rights to due process and equal protection. *Id.* at 88 (Prayer for Relief).

Malik, the Attorney Defendants, the Commonwealth Defendants, and the Accounting Defendants have each filed motions to dismiss the Complaint. Plaintiff has filed oppositions to the motions, and the Attorney Defendants and Commonwealth Defendants have filed replies. The Court finds that oral argument will not aid in the decisional process, and this matter is ripe for disposition.

---

[2]  These Defendants are Nicholas J. Solan, Andrew P. Hoffman, Jacob Alzamora, and Solan Alzamora PLLC ("Attorney Defendants").

[3]  These Defendants are the accounting firm Gross Mendelsohn & Associates, P.A., and two of its accountants, Kirstine Connors and Mark C. Vogel ("Accounting Defendants").

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's jurisdiction over the subject matter of the suit. The plaintiff has the burden of proving that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). "When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Minns v. Portsmouth Juvenile & Domestic Relations District Court*, No. 2:07-cv-233, U.S. Dist. LEXIS 23847, at *6 (E.D. Va. Mar. 26, 2008) (quotations omitted).

## III. ANALYSIS

The Court finds that dismissal of this is warranted under the Rooker-Feldman doctrine. That "doctrine prohibits the United States District Courts . . . from sitting in direct review of state court decisions." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (cleaned up). The "controlling question" for this doctrine is "whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." *Id.* at 202. The Rooker-Feldman doctrine will apply "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered . . . ." *Id.* (internal quotations omitted). If a party is injured by a state court decision, the appropriate action is to appeal that decision, and "jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).

The Court does not have subject matter jurisdiction over this action because Plaintiff essentially seeks to re-litigate the issues in his divorce and custody proceedings. The allegations in the Complaint detail the state court proceedings, outline Plaintiff's belief as to why these

3

proceedings were wrongly decided, describe how multiple actors involved in those proceedings purportedly acted in contravention of Plaintiff's constitutional rights, and allege that Defendants colluded with each other to reach results unfavorable to Plaintiff. Although Plaintiff does not style this action as an appeal of these state court proceedings, it "amounts to nothing more than an attempt to seek review of the state court's decision[s] by a lower federal court." *See Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). Adjudicating Plaintiff's case would require the Court to "pass upon the merits of th[e] state court decision" in the divorce and child custody proceedings. *Jordahl*, 122 F.3d at 202. Requests for declaratory relief under § 1983 are barred by the Rooker-Feldman doctrine when, as here, they are functionally asking a federal court to review a state court final judgment. *See* Order, *Leiser v. Lemon*, No. 1:18-cv-349 (LMB/MSN), Dkt. No. 17 (E.D. Va. June 21, 2018), *aff'd*, 744 F. App'x 841 (4th Cir. 2018) (per curiam), *cert. denied*, 139 S. Ct. 2617; *Rodriguez v. Doe*, No. 3:12-cv-00663-JAG, 2013 WL 1561012, at *4 (E.D. Va. Apr. 12, 2013) (applying Rooker-Feldman to suit seeking to overturn Virginia Supreme Court decision to disbar attorney), *aff'd*, 549 F. App'x 141 (4th Cir. 2013). Here, the thrust of Plaintiff's Complaint is that his state court cases were wrongly decided, and this action must be dismissed in its entirety under the Rooker-Feldman doctrine.

Although Plaintiff alleges that courts of the Commonwealth of Virginia have "continuing jurisdiction" over his domestic relations matters, Compl. ¶ 179, both the divorce and child custody proceedings have concluded and Plaintiff identifies no pending cases. Even if somehow these matters continue to be live controversies (or the cases were somehow reopened and came to be pending once again), the Court would lack subject matter jurisdiction under the *Younger* abstention doctrine. The *Younger* abstention doctrine "expresses a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993). *Younger*

"requires a federal court to abstain from interfering in state proceedings, even if federal subject matter jurisdiction exists, if the following three factors are present: (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Beam v. Tatum*, 299 F. App'x 243, 246 (4th Cir. 2008). Here, this federal action filed in 2023 seeks to collaterally attack state court domestic relations proceedings arising from a 2019 divorce case and 2021 custody case. The underlying cases implicate the Commonwealth's substantial interest in domestic relations matters. And Plaintiff would have adequate opportunities to raise his constitutional challenges in state court.[4]

## IV. CONCLUSION

For the reasons stated above, the Court dismisses the Complaint in its entirety in an Order to be issued with this Memorandum Opinion.

/s/
Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
October 30, 2023

---

[4] The Court notes that the Defendants have identified multiple independent grounds on which it appears dismissal is also warranted. Because the Court resolves this matter through the Rooker-Feldman doctrine, it need not address any of these other grounds.